IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00793-MSK

CONTEMPORARY FINANCIAL SOLUTIONS, INC., and
MUTUAL SERVICE CORPORATION,

        Plaintiffs,

v.

MELISSA A. MILLER, and
DENNLY R. BECKER,

        Defendants.

## SUPPLEMENTATION OF PRIOR ORDER ON JOINT MOTION AND ORDER COMPELLING ARBITRATION

THIS MATTER came before the Court on the parties' Joint Statement of Stipulated Facts **(#17)**, their Joint Request for Determination of Preliminary and Permanent Injunction on Stipulated Facts **(#19)**, and their respective briefs **(#18, #20, #22, #24, #25),** with regard to which the Court issued its Order on Joint Motion **(#31)**, addressing whether the claims of the Defendants against the Plaintiffs were subject to mandatory arbitration pursuant to NASD Rule 10301. Upon stipulated facts, the Court determined that the claims of the Defendants against the Plaintiffs arise from their purchase of National Consumer Mortgage notes from Mr. Robert Bryant in December 2005. Robert Bryant was an "associated person" of Contemporary Financial Solutions ("CFS") between February 2003 and December 31, 2004, but not at the time of the purchase. To determine whether the Defendants were customers of Mr. Bryant while he was an

associated person required an examination of their dealings during such period.[1] Because the stipulated facts were insufficient in this regard, the Court conducted an evidentiary hearing on April 1, 2008 to address this limited issue.[2]

Based upon the evidence presented, the Court finds that during his association with CFS, Mr. Bryant solicited both Defendants to purchase the National Consumer Mortgage notes, although they did not purchase them until December 2005. These are the very securities which are the subject of the claims that they now seek to arbitrate. As a consequence, for purposes of this matter, the Defendants were customers of Mr. Bryant during the time period that he was associated with CFS. At all pertinent times, Mutual Service Corporation was the sole shareholder of CFS.

For the reasons stated in the Order on Joint Motion **(#31)**, the Court concludes that NASD Rule 10301 requires arbitration of the Defendants' claims against the Plaintiffs.

**IT IS THEREFORE ORDERED** that:

(1) The Court **DENIES** the Plaintiffs' request to enjoin NASD Dispute Resolution Case No. 07-00271 **(see #2, #18)**, and **GRANTS** the Defendants' request to compel the Plaintiffs to participate in this NASD arbitration proceeding **(see #20)**. The Plaintiffs are hereby ordered to participate in NASD Dispute Resolution Case No. 07-00271.

(2) The Defendants' Emergency Motion to Allow Dennly Becker to Appear and to

---

[1] The Court previously determined, that for an individual to be a "customer" of an "associated person," there must be a business relationship in which the associated person provides investment or brokerage services to the individual.

[2] The undisputed facts also failed to establish the connection of Mutual Service Corporation to the transaction giving rise to Defendants' claims.

Testify Telephonically at Hearing **(#38)**, and the Defendants' Emergency Motion to Strike Plaintiffs' Previously Undisclosed Expert Witness from Witness List **(#39)**, are **DENIED,** as abandoned.

    (3)    The Clerk of Court is directed to close this case.

Dated this 7th day of April, 2008

**BY THE COURT:**

Marcia S. Krieger
United States District Judge